W. Vincent Grady, J.
Petitioner moves to punish respondents for contempt of court for their willful failure to obey the provisions of the order of Mr. Justice Diilon dated June 20, 1967. The intervenor joins in the motion to punish respondents for contempt and further requests compensatory and punitive damages, reasonable attorney’s fees, and other relief.
On or about March 1, 1967, the intervenor herein, Nancy Johnson, filed a verified complaint with the State Commission for Human Eights alleging that the respondents had unlawfully discriminated against her by refusing to grant her an apartment in the house owned by them because of complainant’s race and color in violation of section 296 (subd. 5, par. [a]) of the Executive Law. As a result of the hearing before the State Commission for Human Eights, it directed the respondents to offer to lease Nancy Johnson the premises in question, and that the lease be “ in the standard form ”. By order of Mr. Justice John J. Dnmoir, the commission’s petition was granted pursuant to section 298 of the Executive Law to enforce the commission’s order. The Appellate Division, Second Department, and the Court of Appeals affirmed (30 A D 2d 310, affd. 23 N Y 2d 722).
Thereafter the respondents’ attorneys served upon the Commission for Human Eights a copy of the lease which was being offered to the complainant. The lease was rejected by the petitioner on the ground that it did not comply with the Supreme Court order of June 20, 1967. The personal attorney for- the intervenor also rejected the proposed lease. When the respondents’ attorneys refused to modify the tendered lease, the motion to punish respondents for contempt was instituted.
The lease tendered by the respondents is a modification of “ The New York Standard Apartment Lease ” published by Tannens.
Paragraphs “ 9th ” and “ 11th ” of this lease were struck out and the lease contained riders which petitioner contends do not *280 comply with the standard form as required by the Supreme Court order.
In examining paragraph “ 9th ” deleted from the lease, it required the landlord, if storerooms in the basement are provided by him, to accommodate the tenants for storage. However there are no storage rooms in the basement of subject premises at this time, but in the event storage rooms become available, the landlord should provide the same for the within tenant and therefore this clause should not have been deleted from the lease.
Paragraph “ 11th ” provides for an automatic renewal for one year after the expiration of the lease term. Since the Supreme Court order provides that respondents lease to the intervener premises at 219 Hawthorne Avenue, Yonkers, New York, for a period of two years, then the landlord is not obligated pursuant to the court order to renew the lease and the respondents’ deletion of this paragraph was proper.
While it is true that there is no lease “ in the standard form ” and most apartment leases contain some additional clauses or riders, the lease offered by the respondents to the intervener should be limited to the terms and conditions of the Supreme Court order of June 20, 1967. The applicable provisions of this order are as follows: “a. Offer in writing by registered or certified mail, return receipt requested, to lease to complainant (who resides at 259 Woodworth Avenue, Yonkers, New York) the nine-room duplex- apartment, constituting the second and third floors at premises 219 Hawthorne Avenue, Yonkers, New York, which was shown to complainant on March 1, 1967, at a monthly rental of one hundred seventy-five (175) dollars with a security deposit of one hundred seventy-five (175) dollars, for a period of two years with occupancy to commence no later than fifteen days after service of this order; and lease said apartment at said terms to complainant if she accepts said offer within five days of her receipt of said offer. A lease in the standard form is to be used. A copy of said offer is to be transmitted to the Commission at the same time as it is transmitted to complainant.”
In examining the rider to the proposed lease, it appears that certain clauses therein do not comply with the language and intent of the aforesaid provisions of the court order. Paragraph “ 35th ” is redundant since the lease provides it is for two years only and nowhere else in the lease is there a renewal or extension. Paragraph ‘ ‘ 36th ’ ’ is also an unnecessary clause inasmuch as the printed lease specifically provides that the premises include a nine-room apartment on the second and third floors of the apartment building at 219 Hawthorne Avenue, Yonkers, New York, and therefore the demised premises are limited to *281 that description in the printed lease. Paragraph “ 37th” is superfluous since the complainant would not sign the lease until it was approved by the State Commission for Human Rights, which approval is obviously limited to the terms and conditions of the Supreme Court order.
Paragraph “ 38th ” which makes null and void any reference in the lease to a body or authority having control of the subject premises is improper in that during the two-year period of the lease, the premises could become controlled by city or State rent control authorities.
The court finds paragraph ‘1 39th ’ ’ of the rider to be in violation of the court order in that paragraph “ 10th ” of the lease is sufficiently broad to give the landlord the right to go upon the premises at all reasonable hours to make such repairs as the landlord may desire to make which may or may not include exterminating. The insistence by the landlord that the tenant agree to have the landlord come in with a professional exterminator at any time during reasonable hours is unreasonable.
Paragraphs 1 ‘ 40th ’ ’ and ‘ ‘ 41st ’ ’ are innocuous and do not violate the terms of the Supreme Court order since they merely make the terms of the rider part of the lease agreement and state as the order provides that the lease must be accepted by the tenant within a period of five days after receipt of the lease.
Subdivision 9 of section '297 of the Executive Law provides: ‘1 Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate unless such person had filed a complaint hereunder ”.
Intervenor is relegated to a plenary action under this section and any award for compensatory or punitive damages would have to be made by the court having jurisdiction of that action.
Intervenor’s attorney relies on the Federal Civil Rights Act •of 1968 as additional authority for an award of damages to intervenor and as authority for the recovery of reasonable attorney’s fees. Inasmuch as the Federal Civil Rights Act of 1968 was passed after the discriminatory acts complained of took place, it is not applicable to this case. Moreover intervenor would have to enforce a violation of that statute in the Federal courts. (U. S. Code, tit. 42, § 2000a-6.)
Therefore, intervenor’s cross motion for compensatory and punitive damages and reasonable attorney’s fees is denied without prejudice to her commencing such action or proceeding as she may be advised.
*282 Petitioner’s motion and intervenor’s cross motion to punish respondents for a civil contempt of court is granted. Respondents may purge themselves of such contempt by complying with all of the provisions of the order of Mr. Justice Dillon dated June 20,1967, and with the provisions of the order to be entered herein. Such order shall provide that the respondents retain paragraph “ 9th ” of the lease dated December 11, 1968, which had been deleted by respondents and eliminate paragraphs 35th through 39th of the rider to said lease. In the event that respondents fail to comply with the above, they shall be fined the sum of $250 and in addition thereto shall pay all of the costs and disbursements of this entire proceeding.